1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM LYONS,

     Plaintiff,

vs.

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.

Case No. 3:08-CV-00339-LRH-(VPC)

**ORDER**

     The Court ordered (#7) Plaintiff to show cause why this action should not be dismissed. Plaintiff has submitted a Request for Rehearing (#9), a Motion (#11), and a Motion to Correct Error in Filing (#12).  The Court finds that Plaintiff has not shown cause, and the Court dismisses this action.

     Plaintiff's sole claim in the Complaint concerned the ban on personal possession of typewriters by inmates in the custody of the Nevada Department of Corrections.  Plaintiff alleged that his muscular dystrophy made it difficult for him to write for more than a short period of time. The Court had considered and rejected this same claim in Nevada Department of Corrections v. Cohen, Case No. 3:07-CV-00266-LRH-(RAM).  Plaintiff's Motion (#11) reiterates his allegation of his physical disability and makes the same legal arguments that were made in Cohen.  The Court will dismiss this action for the same reasons as given in Cohen.

     In his Request for Rehearing (#9), Plaintiff argues that prison officials are not providing him the legal supplies that this Court required in a permanent injunction entered in Morgan, et al. v. Nevada Board of State Prison Commissioners, et al., Case No. 3:82-CV-00126-ECR.  In that action,

1   the Court entered a Permanent Injunction (#81) on July 9, 1984, regarding the provision of supplies

2   for commencing legal actions.  On April 10, 1987, the Court granted summary judgment for the

3   defendants (#174).  The plaintiffs appealed (#176).  On appeal, the parties stipulated to the dismissal

4   of the action (#183).

5        Plaintiff's argument on Morgan's permanent injunction is defective for three reasons.  First,

6   it is beyond the scope of the Complaint, because Plaintiff's only claim concerns his personal

7   possession of a typewriter, and not the provision of supplies.  Second, Morgan was not a class

8   action, and thus the injunction applied only to the parties in that action.  Third, when the judgment

9   in Morgan was on appeal, the parties stipulated to a dismissal of the entire action, which made the

10  injunction inoperative.  See Morgan, Order (#182).

11        IT IS THEREFORE ORDERED that Plaintiff's Motion to Correct Error in Filing (#12) is

12  **GRANTED**.

13        IT IS FURTHER ORDERED that Plaintiff's Request for Rehearing (#9) is **DENIED**.

14        IT IS FURTHER ORDERED that Plaintiff's Motion (#11) is **DENIED**.

15        IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim

16  upon which relief can be granted.  The Clerk of the Court shall enter judgment accordingly.

17        DATED this 2nd day of February, 2009.

18

19

20                              LARRY R. HICKS
                               UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28